**In re: WHITE MOUNTAIN COMMUNITIES HOSPITAL, INC., Debtor,**

**David L. Williams, M.D., Appellant,**

v.

**White Mountain Communities Hospital, Inc., Appellee.**

No. 06–15682.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2007.*

Filed July 9, 2007.

David L. Williams, M.D., Albuquerque, NM, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frederick J. Petersen, Esq., Mesch, Clark & Rothschild, Tucson, AZ, for Appellee.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

David L. Williams, M.D., appeals pro se the Bankruptcy Appellate Panel's (BAP) memorandum decision affirming the order of the bankruptcy court denying his application pursuant to 11 U.S.C. § 503(b)(3)(D) and (b)(4) for an award of administrative expenses for making a substantial contribution to the bankruptcy case of Chapter 11 debtor White Mountain Community Hospital, Inc. (White Mountain). We have jurisdiction under 28 U.S.C. § 158(d) and we affirm.

On appeal, Williams asserts that he benefitted the estate in two ways. First, he claims that, in his capacity as the de facto representative of the unsecured creditors committee, he got White Mountain to propose a plan that provided 100% repayment of the unsecured creditors. The record demonstrates that the change in the plan of reorganization was not attributable to anything done by Williams but to the changed financial condition of the hospital.

Secondly, Williams asserts that his requests for appointment of an examiner benefitted the estate because the examiner, if appointed, would have made various discoveries concerning hospital finances. Since the bankruptcy court denied Williams' requests for appointment of an

examiner, such requests did not substantially benefit the estate.

Because Williams' actions did not benefit the estate and, in most instances, slowed the progress of reorganization, he is not entitled to an award of expenses under 11 U.S.C. § 503(b)(3)(D) and (b)(4). *In re Cellular 101, Inc.*, 377 F.3d 1092, 1096 (9th Cir.2004). Thus, the bankruptcy court did not err when it denied Williams' claim for administrative expenses.

Within 14 days after this memorandum disposition is filed, Williams shall show cause in writing why the court should not award attorneys' fees and costs to White Mountain Communities Hospital, Inc. under Federal Rule of Appellate Procedure 38 because Williams' appeal is frivolous. White Mountain may file a reply within 14 days after service of Williams' response.

IT IS SO ORDERED.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provid-   ed by 9th Cir. R. 36–3.